Dear Ms. Norton:
Your request for an Attorney General's opinion regarding the Village of Florien has been forwarded to me for research and reply. In sum, your letter states that the Village of Florien, incorporated in 1959 as a Lawrason Act municipality, had operated with an appointed marshal/chief of police under the provisions of law, specifically Act 594 of 1970 which authorized municipalities where the chief of police was appointed as of August 1, 1970 to continue to operate as such. However, an election for the position of chief of police was held in 1976. Mayor Rodney Jordan submitted correspondence to your office indicating that no election was held pursuant to law to change the appointed chief of police position to an elected position and that the change was contrary to state law. The mayor is requesting that the position be switched back to an appointed one. Your letter further states that the records of the Secretary of State's office do not reflect how the position of chief of police for the village was placed on the ballot in 1976, and thus, you have the following questions for our opinion:
 1. How may the elected position of Chief of Police for the Village of Florien be switched back to an appointed position?
 2. What is the Secretary of State's duty with regards to changing the elected position of Chief of Police for the Village of Florien back to an appointed position?
The correspondence from Mayor Jordan reflects research of the issue with no answer to the question of how this position changed from an appointed one to an elected one back in 1976. It stresses the intent of the incorporation was for the mayor and council to be elected and for the chief of police to be appointed.
We reviewed the incorporation proclamation for the Village of Florien on file with the Secretary of State's office, dated April 30, 1959, and nowhere in the proclamation does it provide for an appointed position of Chief of Police. The Secretary of State's documentation for the municipal officers of the Village of Florien show that the first officers were appointed. Thereafter, the first marshal for the village, Arvill D. Miller resigned and in 1962 his vacancy was filled by the appointment of Clifton Davis. Thereafter, the Village of Florien went without a marshal until the election of Duane L. Calhoun in 1976.
The mayor pointed out that Act 165 of 1970 was amended by Act 594 of 1970 to provide for the chief of police to remain appointed. Act 165 of 1970 amended R.S. 33:381 to provide for the municipal officers of a Lawrason Act municipality and provided, "The mayor and marshal in all municipalities shall be elected at large." Act 594 of 1970 also amended R.S. 33:381 to provide, "The mayor and chief of police in all municipalities shall be elected at large", but further provided, "Municipalities where the chief of police is appointed rather than elected as of August 1, 1970 may continue to operate with an appointive chief."
Our research reveals that no law presently provides for the appointment of the chief of police in the Village of Florien, nor did any law provide for same as of 1970. The officers of the Village of Florien have been elected since the initial appointment of officers when the village was incorporated in 1959, which is consistent with the Lawrason Act, as it provides for elected municipal officers.
In 1970 another act was enacted to provide for a procedure to determine if the marshal who is the chief of police shall be elected or appointed. Act 647 added R.S. 33:381.1, to provide in pertinent part as follows:
 The marshal who is the chief of police in such municipalities shall be elected at large, provided that, notwithstanding any other provisions of law to the contrary, a majority of the qualified electors voting therein may, at a special election called by the board of aldermen for that purpose, authorize the mayor to thereafter appoint a marshal with the approval of the board of aldermen. Such special election shall be called only upon the presentation of a petition, directed to the board of aldermen and signed by at least twenty-five percent of the qualified electors of the municipality. Once such an election has been called and held, no further or other election on the same question shall be held for at least four years.
* * *
 Upon the expiration of at lest four years after the effective date of any such determination that the marshal shall be an appointed rather than an elected official the people of any such municipality may determine that said official shall be elective, but only in the same manner and through the same petition and election procedure as hereinabove set forth.
With regard to your first question, it is our opinion that the only way the elected position of chief of police for the Village of Florien can become appointed is for an election to occur under R.S. 33:381.1 or for the legislature to amend the law, R.S. 33:381, and specifically provide for same.
With regard to your second question, it is our opinion that the Secretary of State's office has a duty to follow the law. As written, R.S. 33:381 and 381.1 favor an elected chief of police, with an appointed chief being the exception and not the rule. Thus, the Secretary of State's office must continue to conduct the election for the office of chief of police in the Village of Florien unless and until it is changed to an appointed position under the provisions of law, either by the legislature amending R.S. 33:381, or by a vote of the people under R.S.33:381.1.
We hope this opinion addresses all of your questions. If our office can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb Cc: Hon. Rodney Jordan, Mayor, Village of Florien